PAUL E. WEISS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10059.    Promulgated July 8, 1927.

</div>

*Paul E. Weiss* pro se.
*W. F. Gibbs, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for 1922. The amount in controversy is a

part of the deficiency amounting to $538.46. No testimony was introduced, all of the facts being stipulated.

<div align="center">FINDINGS OF FACT.</div>

The petitioner is an individual residing in Cook County, Illinois. He reported in his income-tax return for 1922 income from the Weiss-Meyer Co. in the sum of $2,000.

The following transactions took place between the petitioner and the Weiss-Meyer Co. during the year 1922 as shown in the personal account of the petitioner on the books of the Weiss-Meyer Co.:

<div align="center">PAUL E. WEISS, PERSONAL ACCOUNT.</div>

| DEBITS. | | | CREDITS. | | |
|---|---|---|---|---|---|
| 1922 | | | 1922 | | |
| Apr. 25. | Cash | $500.00 | Jan. 31. | Compensation | $450.00 |
| June 14. | Cash | 500.00 | Feb. 28. | Compensation | 450.00 |
| July 8. | Cash | 2,000.00 | Mar. 31. | Compensation | 450.00 |
| Aug. 14. | Cash | 500.00 | Apr. 30. | Compensation | 450.00 |
| Sept. 8. | Cash | 1,500.00 | May 31. | Compensation | 450.00 |
| Oct. 14. | Cash | 1,000.00 | June 30. | Compensation | 450.00 |
| 23. | Cash | 500.00 | July 31. | Compensation | 450.00 |
| | | | Aug. 31. | Compensation | 450.00 |
| | | | Sept. 30. | Compensation | 450.00 |
| | | | 20. | Cash | 3,500.00 |
| | | | Oct. 31. | Cash | 1,000.00 |
| | | | Oct. 31. | Compensation | 450.00 |
| | | | Nov. 30. | Compensation | 450.00 |
| | | | Dec. 31. | Compensation | 450.00 |
| | | 6,500.00 | | | 9,900.00 |

A synopsis of the above account is as follows:

```
Total compensation credited to petitioner_____ $5,400
Total cash credit to petitioner_____  4,500
Total cash withdrawn_____  6,500
```

The petitioner reported his income for the year 1922 on the receipts and disbursements basis.

In the determination of the deficiency under appeal the respondent included income from the Weiss-Meyer Co. in the sum of $6,500.

The petitioner claims that the original amount reported by him in the sum of $2,000 is the net amount received by him from the Weiss-Meyer Co. and is the correct amount to be included in his income for 1922 from this source.

<div align="center">OPINION.</div>

PHILLIPS: It is stipulated that certain transactions took place between the petitioner and the Weiss-Meyer Co. as shown in his account on the books. On the basis of that stipulation we are asked to

determine what income the petitioner received in 1922 from that company.

It appears from the stipulation that there are two bases upon which the petitioner became entitled to receive money from the company during the year involved. He was entitled to receive $5,400 as compensation for services. Another $4,500 he was entitled to receive because of cash paid in to the company by him or on his account. Against this he withdrew $6,500.

The cash credit to his account can only mean that the company has received cash and can not possibly be construed as a receipt of income by the petitioner from the company. One does not derive income from another by the deposit of cash with that other. On the facts stipulated, no more than $5,400 of the amount withdrawn can be considered as income to the petitioner unless we go outside the record to assume that there was either a balance of salary carried over from a previous year or an advance of salary paid in excess of compensation credited. This we are unwilling to do.

Only $2,000 of the amount withdrawn or credited was returned as income by the petitioner. There is nothing in the record from which we may conclude that only this amount was income. The compensation credited amounted to $5,400. During the year he withdrew $6,500 in cash. In the absence of some further showing that the amount withdrawn was not on account of salary and that the relationship of the petitioner to the company was not such that amounts credited could have been withdrawn at any time and were available to him to such an extent as to constitute constructive receipt, we must hold that the petitioner derived income from the company for salary in 1922 in the amount of $5,400.

*Decision will be entered on 10 days' notice, under Rule 50.*

STERNHAGEN, dissenting: There are so many possible situations of fact which may be represented by this cryptic ledger account that it seems to me the absence of evidence as to what the facts were makes it necessary to sustain the deficiency. The prevailing opinion is based upon the inference from the cash credits that the petitioner in 1922 actually paid cash to the corporation which he received back in the same year. This is inferred notwithstanding the fact that the second cash credit was on October 31, and the last cash debit was on October 23. It seems to me that this inference of cash paid is no more warranted from the ledger credits than several other possible inferences against the petitioner. The truth is there is not enough evidence to enable the Board intelligently to determine what the facts are.

MILLIKEN and MURDOCK concur in this dissent.